# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH BANKS, | ) | CASE NO.: |
| | ) | |
| Plaintiff | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | **NOTICE OF REMOVAL** |
| FOUNDATION AUTOMOTIVE CORP., et al, | ) ) ) | |
| Defendant | | |

Now come Defendants Kevin Kutschinski and Chuck Kramer, through counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby files this Notice of Removal of the above-captioned action to the United States District Court for the Northern District of Ohio, Eastern Division, from the Court of Common Pleas, Cuyahoga County, Ohio, where the action had been pending before Judge William McGinty, in Case No. CV-20-935081 (hereinafter the "State Court Action"), and Defendant states:

1. Plaintiff, Kenneth Banks ("Banks") filed a Complaint, in the State Court Action, on July 22, 2020. A copy of the Complaint, which represents the only pleading or filing therein to date, is attached hereto as Exhibit A.

2. Defendants Kramer and Kutschinski have not been served. On September 4, 2020, Defendants waived service of a Summons and Complaint in the State Court Action. The waivers are attached hereto as Exhibit B.

3. A defendant's time for removal begins to run by (1) simultaneous service of the summons and complaint, (2) receipt of the complaint, through service or otherwise, after and apart from service of the summons, or (3) *by waiver of service*. *Brown v. CoreCivic, Inc.*, N.D.Ohio No. 4:18CV2044, 2018 U.S. Dist. LEXIS 192207, at *5-6 (Nov. 9, 2018) (emphasis added) citing

*Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999).

4. Per 28 U.S.C. § 1446(b)(2)(C), "[i].f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." See, *Covel v. PNC Bank N.A.*, N.D.Ohio No. 5:19-cv-2030, 2020 U.S. Dist. LEXIS 4458 (Jan. 10, 2020). Defendants Foundation Automotive Corp., Motorcars Honda, Charles Gile, and Trevor Gile join in this Motion.

5. Defendants Kramer and Kutschinski are individuals residing in Texas. Defendant Foundation Automotive Corp. is incorporated in Texas, with its principal place of business in Houston Texas.

6. Defendants Charles Gile and Trevor Gile are individuals residing in Ohio. Defendant Motorcars Honda is a now cancelled trade name registered in Ohio.

7. Upon information and belief, Plaintiff Banks is an individual residing in Pleasanton, California.

8. This Court would have had original jurisdiction over the State Court Action, pursuant to 28 U.S.C. § 1332(a)(1), had that action been filed in this Court initially.

9. Defendants state that there exists complete diversity of citizenship between Plaintiff Banks and Defendants. Therefore, there is diversity of citizenship between the parties. The amount in controversy exceeds $75,000, as Plaintiff seeks "lost wages, bonuses, deferred compensation and other benefits, $25,000 for moving expenses, 25% partnership interest in in Foundation after the sale of the dealerships closed, emotional distress…and expenses incurred in seeking and obtaining substitute employment." (Ex A – Complaint). According to the Complaint, "Foundation

agreed to pay Banks a base salary of $10,000, plus a bonus equal to 10% of the net earnings before tax of the Dealerships. Foundation further agreed that Banks would be guaranteed $30,000.00/month minimum total base salary plus net earnings from his start date until six months after the close of Foundation's purchase of Motorcars Honda and Motorcars Toyota." (Compl. ¶ 20). The alleged lost wages and bonuses, coupled with the $25,000 for moving expenses and 25% partnership interest in in Foundation exceed the amount in controversy requirement.

The court must also consider the claim for punitive damages [Compl. ¶¶ 88, 99, 106, and 119] in assessing the amount in controversy. *Hayes v. Equitable Energy Resources Co.,* 266 F.3d 560, 572 (6th Cir., 2001) ("punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered"). Accordingly, Defendants are entitled to remove this action under 28 U.S.C. § 1441.

10. Defendants desire to remove the State Court Action to this Court and submit this Notice of Removal, along with the attached exhibits in accordance with 28 U.S.C. § 1446.

11. This Notice of Removal is being filed within thirty (30) days after waiver of service of the Summons and Complaint upon Defendants Kramer and Kutschinski in the State Court Action, and is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b).

12. Plaintiff Banks will be given a written notice of the timely filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

13. A copy of this Notice of Removal will be filed with the Clerk of Courts of the Common Pleas of Cuyahoga County, a required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Defendants requests that this action proceed in this United States District Court as an action properly removed to it.

> Respectfully submitted,
>
> */s/ Matthew C. Miller*
> **ROBERT A. POKLAR (0015685)**
> *RPoklar@westonhurd.com*
> **MATTHEW C. MILLER (0084977)**
> *MMiller@westonhurd.com*
> **Weston Hurd LLP**
> 1301 East 9th Street, Suite 1900
> Cleveland, OH  44114-1862
> (216) 241-6602 / (216) 621-8369 (fax)
> *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September 2020, a copy of the foregoing documents was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify that on this 8th day of September 2020, a copy of the foregoing document was made by e-mail to Plaintiff's counsel, Thomas Barni (*tbarni@dhplaw.com*).

> */s/ Matthew C. Miller*
> **MATTHEW C. MILLER (0084977)**