**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH BANKS, | ) | CASE NO.:  1:20-cv-02026-SO |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| FOUNDATION AUTOMOTIVE | ) | |
| CORP., *et al.,* | ) | **DEFENDANTS' COMBINED** |
| | ) | **ANSWER TO PLAINTIFF'S FIRST** |
| Defendants. | ) | **AMENDED COMPLAINT** |
| | ) | |

Now come Defendants, Foundation Automotive Corporation ("Corporation"), Foundation Auto Holdings, LLC ("Holdings LLC"), Kevin Kutschinski, Chuck Kramer, Motorcars Honda, Charles Gile and Trevor Gile (collectively "Defendants") and for its Answer to Plaintiff's First Amended Complaint ("Plaintiff's Complaint"), states as follows:

1.      Defendants deny for lack of knowledge the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.      Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint

4.      Defendants admit that Kutschinski is the President of Corporation, but denies the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      Defendants admit that Kramer is the Chief Operating Officer of Corporation, but denies the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6.      Defendants admit the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.      Defendants admit that Charles Gile is an individual and was the owner of Motorcars Honda, but denies for lack of knowledge the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

8.      Defendants admit that Trevor Giles is an individual and was a co-owner of Motorcars Honda, but denies for lack of knowledge the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9.      Defendants deny for lack of knowledge the allegations contained in paragraph 8 of Plaintiff's Complaint.

10.     Defendants deny for lack of knowledge the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     Defendants deny for lack of knowledge the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

13.     Defendants admit that Banks was to be an at-will employee of  Motorcars Honda but enter an employment agreement with Holdings LLC. Defendants deny the remaining allegations contained in paragraph 13 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

14.     Defendants admit the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     Defendants admit that an application was provided to American Honda Corporation ("AHC") in order for Holdings LLC to be approved as the purchaser and franchisee of Motorcars

2

Honda and admits that Banks was going to be its General Manager once approved by AHC. In the interim, Banks was an at-will employee of Motorcars Honda. Although Banks provided self-serving documents about his experience, he was required by AHC to provide substantiating documents about his prior automotive experience, including, but not limited to, actual dealership operating performance. This documentation is required by AHC to evaluate and approve or reject Banks' application as a General Manager and ownership participant. Banks failed and refused to produce the required documentation to AHC. Further responding, Defendants deny for lack of knowledge the remaining allegations contained in paragraph 15 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

16.     Defendants admit that Exhibit B speaks for itself.

17.     Defendants admit that Exhibit B speaks for itself.

18.     Defendants admit that Exhibit B speaks for itself. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

19.     Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

20.     Defendants admit that Banks was to be an at-will employee of Motorcars Honda. Pending approval by AHC of the purchase, and if the conditions of his employment agreement were successfully complied with, including, but not limited to, Banks   purchasing 25% of the business with his own assets and being approved by both AHC and Toyota as a General Manager and part owner, Banks would have been General Manager and Managing Partner of the Honda and Toyota stores. However, Banks failed to produce the necessary documentation to AHC. Further

responding Defendants deny the remaining allegations contained in paragraph 20 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

21.     Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

22.     Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

23.     Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

24.     Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

25.     Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

26.     Defendants deny for lack of knowledge the allegations contained in paragraph 26 of Plaintiff's Complaint relative to Banks' state of mind. Further answering, Defendants deny the remaining allegations in paragraph 26. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

27.     Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

28.     Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

29.     Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

30.     Defendants deny for lack of knowledge the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     Defendants deny for lack of knowledge the allegations contained in paragraph 31 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

32.     Defendants deny the allegations contained in paragraph 32 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

33.     Defendants admit the allegations contained in paragraph 33 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

34.     Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

35.     Defendants admit that Banks was to work with the owners and employees of Motorcars Honda and denies for lack of knowledge the remaining allegations contained in paragraph 35 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

36.     Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

37.     Defendant Trevor Gile admits that he interacted with Banks under a management agreement and policies and procedures of Motor Cars, Inc. but denies for lack of knowledge the remaining allegations contained in paragraph 37 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

38.      Defendant Trevor Gile admits that he interacted with Banks under a management agreement and policies and procedures of Motor Cars, Inc. but denies for lack of knowledge the remaining allegations contained in paragraph 38 of Plaintiff's Complaint.

39.     Defendant Holdings LLC admits that Banks was to work with Trevor Gile until its purchase of Motorcars Honda dealership closed. Further answering, Defendants deny the remaining allegations contained in paragraph 39 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

40.     Defendants admit that there was a hierarchy of the business and ownership structure at Motorcars Honda and that Banks' scope of employment was to report to the owners and supervisors. Further responding denying the balance of the allegations to Plaintiff's Complaint

paragraph 40. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

41.     Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint, however, Defendants admit that Banks was to be present within the scope of his employment during normal business hours that a General Manager was required to work at Motorcars Honda as is normal in the automobile retail industry in Northeast Ohio. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

42.     Defendants admit that Banks stated on February 13, 2019 "recently I was diagnosed with MS (does not effect work at all) though I have 0 symptoms"  and did not provide  any support or documentation regarding same, but deny the remaining allegations in paragraph 42 of Plaintiff's Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

44.     Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint. Defendants deny that 8:30 to 5:30 are normal business hours for a General Manager at an automobile dealership in Northeast Ohio and further deny that Banks asked for special accommodations or reduced working hours.

46.     Defendants deny the allegations contained in paragraph 46 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

47.     Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.     For its response to Plaintiffs' Complaint paragraph 48, Defendants admit that Foundation ultimately purchased Motorcars Honda and deny the remaining allegations contained in paragraph 47 of Plaintiff's Complaint due to the fact Banks failed and refused to provide the necessary required documentation to AHC. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

49.     Defendants admit that Banks was terminated for cause. The reasons for termination include, but are not limited to, refusal to follow company process, insubordination, lack of trust and faith in Banks, Banks' failure to provide AHC with required documentation to complete his application as a General Manager and 25% owner for approval by AHC, and failure to purchase 25% of the partnership. Further responding, Defendants deny the balance of the allegations contained in paragraph 49 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

50.     Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

51.     Defendants deny for lack of knowledge the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.     Defendants deny for lack of knowledge the allegations contained in paragraph 52 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

53.     Defendants deny the allegations contained in paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations contained in paragraph 54 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

55. Defendants deny the allegations contained in paragraph 55 of Plaintiff's Complaint. Further responding, Banks failed and refused to provide required documentation to AHC for approval as a General Manager and 25% owner. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

56. Defendants deny the allegations contained in paragraph 56 of Plaintiff's Complaint. Further responding, Banks failed and refused to provide required documentation to AHC for approval as a General Manager and 25% owner. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

**<u>COUNT I</u>**
**(Breach of Contract)**

57. Defendants reallege and reaver each and every statement and allegation made to Plaintiff's Complaint in paragraphs 1 through 56 above for its response to paragraph 57 of Plaintiff's Complaint.

58. Defendants deny the allegations contained in paragraph 58 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

59. Defendants deny the allegations contained in paragraph 59 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

60.     Defendants deny the allegations contained in paragraph 60 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

61.     Defendants deny the allegations contained in paragraph 61 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

62.     Defendants deny the allegations contained in paragraphs 62 (a), (b), (c) and (d) of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

63.     Defendants deny the allegations contained in paragraph 63 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

## COUNT II
### (Promissory Estoppel)

64.     Defendants reallege and reaver each and every statement and allegation made to Plaintiff's Complaint in paragraphs 1 through 63 above for its response to paragraph 64 of Plaintiff's Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

66.     Defendants deny the allegations contained in paragraph 66 of Plaintiff's Complaint. Banks was required to purchase 25% ownership interest and to provide AHC with the required documentation to be approved as a General Manager and 25% owner; all which he failed and

10

refused to do. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

67.    Defendants deny the allegations contained in paragraph 67 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

68.    Defendants deny the allegations contained in paragraph 68 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

69.    Defendants deny the allegations contained in paragraph 69 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

70.    Defendants deny the allegations contained in paragraph 70 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

## <u>COUNT III</u>
### (Unjust Enrichment)

71.    Defendants reallege and reaver each and every statement and allegation made to Plaintiff's Complaint in paragraph 1 through 70 above for its response to paragraph 71 of Plaintiff's Complaint.

72.    Defendants deny the allegations contained in paragraph 72 of Plaintiff's Complaint. Further responding, Banks failed and refused to provide required documentation to AHC for approval as a General Manager and 25% owner. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

11

73.     Defendants deny the allegations contained in paragraph 73 of Plaintiff's Complaint. Further responding, Banks failed and refused to provide required documentation to AHC for approval as a General Manager and 25% owner. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

74.     Holdings LLC admits that it was relying on Banks' alleged experience; however, that experience fell far short of what was required to run a Honda dealership. Defendants further deny the remaining allegations contained in paragraph 74 of Plaintiff's Complaint. Further responding, Banks failed and refused to provide required documentation to AHC for approval as a General Manager and 25% owner. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

75.     Holdings LLC admits that it was relying on Banks' alleged experience, however that experience fell far short of what was required to run a Honda dealership. Defendants further deny the remaining allegations contained in paragraph 75 of Plaintiff's Complaint. Further responding, Banks failed and refused to provide required documentation to AHC for approval as a General Manager and 25% owner. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

76.     Defendants deny the allegations contained in paragraph 76 of Plaintiff's Complaint. Further responding, Banks failed and refused to provide required documentation to AHC for approval as a General Manager and 25% owner. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

77.     Defendants deny the allegations contained in paragraph 77 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

12

78. Defendants deny the allegations contained in paragraph 78 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

79. Defendants deny the allegations contained in paragraph 79 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

## COUNT IV
### (Violation of Ohio Rev. Code §4112.02)

80. Defendants incorporate by reference as if fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 79 as their answer to paragraph 80 of Plaintiffs' Complaint.

81. Defendants deny the allegations contained in paragraph 81 of Plaintiffs' Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

82. Defendants admit that Banks was an employee-at-will with the title and responsibilities of General Manager for Motorcars Honda, but deny each and every remaining allegation contained in paragraph 82 of Plaintiffs' Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

83. Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 83 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

13

84.	Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 84 of Plaintiffs' Complaint.

85.	Paragraph 85 of Plaintiff's Complaint restates Ohio Rev. Code §4112.02(A) and, therefore, does not require an answer.

86.	Defendants deny the allegations contained in paragraph 86 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

87.	Defendants deny the allegations contained in paragraph 87 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

88.	Defendants deny the allegations contained in paragraph 88 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

89.	Defendants deny the allegations contained in paragraph 89 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

90.	Defendants deny the allegations contained in paragraph 90 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

## COUNT V
### (Retaliation)

91.	Defendants incorporate by reference as if fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 90 as their answer to paragraph 91 of Plaintiff's Complaint.

92.	Paragraph 92 of Plaintiff's Complaint restates Ohio Rev. Code §4112.02(I) and, therefore, does not require an answer.

93.	Defendants deny the allegations contained in paragraph 93 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

94.	Defendants deny the allegations contained in paragraph 94 of Plaintiff's Complaint.

95.	Defendants deny the allegations contained in paragraph 95 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

96.	Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 96 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

97.	Defendants admit that Plaintiff's at-will employment was terminated for cause, but deny for want of knowledge or information sufficient to form a belief as to truth thereof, each and every remaining allegation contained in paragraph 97 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

15

98.     Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 98 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

99.     Defendants deny the allegations contained in paragraph 99 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

100.    Defendants deny the allegations contained in paragraph 100 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

## COUNT VI
### (Ohio Rev. Code §4112.02(J))

101.    Defendants incorporate by reference as if fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 100 as their answer to paragraph 101 of Plaintiff's Complaint.

102.    Paragraph 92 of Plaintiff's Complaint restates Ohio Rev. Code §4112.02(J) and, therefore, does not require an answer.

103.    Defendants deny the allegations contained in paragraph 103 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

104.    Defendants deny the allegations contained in paragraph 104 of Plaintiff's Complaint.

105.    Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 105 of Plaintiff's

16

Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

106. Defendants deny the allegations contained in paragraph 106 of Plaintiff's Complaint.

107. Defendants deny the allegations contained in paragraph 107 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

### Count VII
### (Fraud)

108. Defendants reallege and reaver each and every statement and allegation made to Plaintiff's Complaint in paragraphs 1 through 107 above for its response to paragraph 108 of Plaintiff's Complaint.

109. Defendants deny the allegations contained in paragraph 109 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

110. Defendants deny the allegations contained in paragraph 110 of Plaintiff's Complaint. Banks was not provided "an opportunity"; he was required to buy 25% ownership. Further responding, Banks failed and refused to provide required documentation to AHC for approval as a General Manager and 25% owner. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

111. Defendants admit that Foundation agreed to pay the moving company directly, but Banks never relocated to Cleveland. Rather, during his employment, Banks lived corporate housing at no cost. Defendants deny the balance of the allegations contained in paragraph 111 of

Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

112. Defendants admit the allegations contained in paragraph 112 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

113. Defendants deny the allegations contained in paragraph 113 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

114. Defendants deny the allegations contained in paragraph 114 of Plaintiff's Complaint. Further responding, Banks failed and refused to provide required documentation to AHC for approval as a General Manager and 25% owner. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

115. Defendants deny the allegations contained in paragraph 115 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

116. Defendants deny the allegations contained in paragraph 116 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

117. Defendants deny the allegations contained in paragraph 117 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

118. Defendants deny the allegations contained in paragraph 118 of Plaintiff's Complaint. Further, Banks failed and refused to provide required documentation to AHC for

18

approval as a General Manager and 25% owner. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

119. Defendants deny the allegations contained in paragraph 119 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

120. Defendants deny the allegations contained in paragraph 120 of Plaintiff's Complaint. Further answering, Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

## AFFIRMATIVE DEFENSES

1. Defendants were not the proximate cause of Plaintiff's claimed injury or damages.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff has failed to mitigate and/or minimize his claimed damages, if any exist.

4. Plaintiff has failed to join parties required by Rules 19 and 19.1 of the Ohio Rules of Civil Procedure.

5. Plaintiff's claims are barred by the statute of limitations.

6. Plaintiff's claims are barred by the doctrines of accord and satisfaction.

7. Plaintiff's claims are barred by the failure to give adequate notice of the claims herein.

8. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

9. Plaintiff suffered no injury or actual damages as a result of any actionable misconduct on the part of Defendants.

10. Plaintiff's fails to plead fraud with the specificity required by Rule 9(B) of the Ohio Rules of Civil Procedure.

11.     Plaintiff's claim for punitive damages violates Defendants' right to due process.

12.     Any harm, injury or damage alleged by Plaintiff was not caused by the alleged wrongdoing of Defendants, all of which is denied, but instead was caused, if at all, by the Plaintiff or other third-parties over which Defendants have no control.

13.     Defendants' actions at all times were undertaken in good faith and were reasonable, customary, and acceptable based on the information supplied to Defendants.

14.     Banks complaint is barred by the doctrine of unclean hands because he breached his employment agreement.

15.     Plaintiff's claims for punitive damages as well as non-economic damages are subject to statutory caps pursuant to Ohio Rev. Code §2315.18 and Ohio Rev. Code §2315.21. Further, any claim for punitive damages must be bifurcated according to the statute.

16.     Upon information and belief, Plaintiff's civil rights claims are barred by election of remedies and failure to timely exhaust all administrative remedies.

17.     Upon information and belief, Plaintiff's civil rights claims are barred by the applicable statute of limitations.

18.     Defendants Kutschinski, Kramer, Motorcars Honda, Charles Gile and Trevor Gile are not employers of the Plaintiff, and therefore all or part of Plaintiff's civil rights claims against them fail to state a claim upon which relief can be granted against them.

19.     Upon information and belief, Plaintiff did not engage in protected activity under the Ohio Civil Rights Statute and Defendants had no knowledge that Plaintiff engaged in a protected activity under the Ohio Civil Rights Statute, therefore Plaintiff has not established a prima facie claim under Ohio Rev. Code §4112.02(A), (I) or (J).

20

20.　There is no causal link between the termination of Plaintiff's employment with Foundation and any alleged protected status or protected activity, therefore Plaintiff's civil rights claims fail.

21.　Plaintiff's at-will employment with Foundation was terminated for cause, which is a legitimate, non-discriminatory business reason, therefore Plaintiff's civil rights claims are barred.

22.　Upon information and belief, Plaintiff did not notify Defendants that Plaintiff had a physical or mental impairment that substantially limited a major life activity, therefore Plaintiff's disability claims under the Ohio Civil Rights Statute fail.

23.　Upon information and belief, Plaintiff did not notify Defendants nor request from Defendants a reasonable accommodation, therefore Plaintiff's civil rights claims fail.

24.　Upon information and belief, Plaintiff did not provide the necessary information to Defendants in order to trigger the interactive process for a cognizable disability, therefore Plaintiff's civil rights claims fail.

25.　Upon information and belief, Plaintiff failed to perform the essential functions of the job of General Manager with or without a reasonable accommodation, therefore Plaintiff's civil rights claims fail.

26.　Plaintiff's civil rights claims under Ohio Rev. Code §4112.02 do not support Plaintiff's claim for attorney's fees, therefore Plaintiff's claims for attorney's fees are barred.

27.　Plaintiff inappropriately conflates Corporation and Holdings LLC, which are separate and distinct entities.

28.　Plaintiff's claim for unjust enrichment fails because the parties' relationship is controlled by a contract.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants reserve the right to assert any additional defenses that may become evident during the course of discovery in this action.  Moreover, Defendants reserve the right to assert any counterclaim, cross-claim and/or third party claim that may become evident during the course of discovery in this action.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants demand that Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,

*/s/ Matthew C. Miller*

**ROBERT A. POKLAR (0015685)**
*Rpoklar@westonhurd.com*
**MATTHEW C. MILLER (0084977)**
*MMiller@westonhurd.com*
**Weston Hurd LLP**
1300 East 9th Street, Suite 1400
Cleveland, OH  44114-1862
(216) 241-6602 / (216) 621-8369 (fax)

-and-

**DONALD W. GOULD II***
(Texas Attorney Registration #08234250)
**CHARLES PATRICK WAITES***
(Texas Attorney Registration #00791867)
**AMBER HACKETT CROSBY***
(Texas Attorney Registration #24103158)
**Johnson DeLuca Kurisky & Gould P.C.**
4 Houston Center
1221 Lamar Street, Ste. 1000
Houston, TX  77010
dgould@jdkglaw.com
pwaites@jdkglaw.com
acrsby@jdkglaw.com
*  admitted pro hac vice*

*Counsel for Defendants*

22

## CERTIFICATE OF SERVICE

A copy of the foregoing was served via the Court's electronic filing system on November 12, 2020 to all counsel of record.

/s/ Matthew C. Miller
**MATTHEW C. MILLER (0084977)**